IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:07CR81** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **RAY LOCKNER,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 30).  *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

*¶ 25 - § 2G2.2(b)(3)(B) Enhancement*

The Defendant objects to the application of the 5-level enhancement in ¶ 25, arguing that the Defendant denies that he "gained" anything of value as a result of possessing the items in question. In addressing the initial objection to the probation officer, the officer stated in the Addendum to the PSR that the enhancement was applied because the Defendant received a thing of value other than financial gain. Application note 1 to U.S.S.G. § 2G2.2 includes a definition defines and gives an example for "'[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." A "[t]hing of value" is defined as "anything of valuable consideration." As an example, one may trade items of child pornography for other items of child pornography. This definition is similar to the situation described in ¶ 48 of the PSR, which refers to the Defendant's statement that he received items of adult female pornography in exchange for images of

child pornography. Therefore, the Court's tentative finding is that the Defendant's objection is denied.

### ¶ 64 - *Supervised Release*

The Defendant objects to ¶ 64 [sic]. The Defendant objects to either the statutory (5 years to life) or guideline (5 years) term of supervised release, or to both terms, because "Defendant was arraigned, rearraigned at his plea and signed a plea agreement informing him that the term of supervised release was three years." (Filing No. 30.)

The cover sheet prepared by the government (Filing No. 3) and the plea agreement (Filing No. 26) reflect that the Defendant faces a term of supervised release of up to 3 years. The Court relied on the plea agreement and 18 U.S.C. § 3583(b)(2) as the appropriate subsection in the case of Count I of the Indictment. However, as noted in the PSR, 18 U.S.C. § 3583(k) applies. Under § 3583(k), the correct term of supervised release faced by a defendant convicted of a crime under 18 U.S.C. § 2252 is 5 years to life. This matter will be addressed at the sentencing hearing. However, the objection is denied inasmuch as the statutory and guideline terms of supervised release set out in the PSR are correctly stated.

IT IS ORDERED:

1. The Defendant's objections to the Presentence Investigation Report (Filing No. 30) are denied;

2. The issue raised by the Defendant with respect to the supervised release term will be addressed at sentencing;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4.   If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5.   Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

6.   Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 18th day of September, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge